City of Portland v. Stock.

CITY OF PORTLAND, Appellant v. M. STOCK, Respondent.

*Appeal from Multnomah County.—Section 22, Article 4, of the Constitution of Oregon construed.*

1. The act revised or amended need not be set out in the revising or amendatory act.
2. The act revised or section amended, must be set forth and published *in full as revised or amended,* incorporating all changes made.

M. STOCK, defendant below, was brought before the recorder of the city of Portland, upon a charge of violation of city ordinance No. 141, committed by unlawfully carrying on the business of a retail dealer, without first having, under

that ordinance, obtained a license. He was fined by the recorder, appealed to the Circuit Court for Multnomah county, and upon a motion interposed by his counsel, was discharged and the proceeding dismissed. From this judgment and order the city of Portland appealed, and the whole case here turns upon the question involved in two of the points specified in defendant's motion to dismiss the proceedings in the court below, viz:

1st. The charter of Portland confers no power upon the city authorities to enact ordinance No. 141.

2d. The amendment to the city charter under which this ordinance is enacted, is unconstitutional and void.

*G. H. Williams, Esq.*, for respondent.

*E. W. McGraw, Esq.*, city attorney.

Authorities cited by counsel are sufficiently mentioned in the opinion.

WILSON, J.  As these questions involve a construction of certain provisions contained in the charter of the city of Portland, the familiar rule comes in for our guidance here, that the powers and authority conferred upon municipal corporations are to be strictly construed, and the limit of such construction is the charter itself. Further comment upon the reason and safety of this rule is unnecessary. The counsel admit that this ordinance, No. 141, has its vitality not from the original charter of January 24th, 1854, but from the amendment of that act, passed October 15th, 1862. Between the dates of the passage of these two acts, a constitution for the State of Oregon had been made, which changed in many respects the powers and modes of operations of the legislative assembly. The respondent denies the constitutionality of the latter act, and claims that so far as this ordinance extends, the proceedings are invalid. That we may have a clear understanding of the provisions of the amendatory act,

City of Portland *v.* Stock.

I will use the digest thereof as given by the circuit judge. The act in question is entitled " An act to amend an act entitled ' An act to incorporate the city of Portland.' " Section one repeals, by reference to numbers, sections one and two of article seven of the original act of incorporation. Sections two to six inclusive, provide for the improvement and repair of streets, and for the modes of enforcing the regulations made, and intended as a substitute for the sections repealed. Section seven reads as follows : " That in addition to the powers now possessed by the mayor and common council of the city of Portland, the said mayor and common council shall have power, within the corporate limits of said city : 1st. To license, tax and regulate hacks, cabs and other vehicles, and all offensive or noxious trades or occupations. 2d. To license, tax and regulate dealers in goods, wares and merchandise, liquors, provisions, fruits, vegetables, meats and all persons engaged in assaying, melting and refining the precious metals. 3d. To license, tax and regulate eating houses, hotels and laundries ; but the power given by subdivision two of this section, in relation to dealers in provisions, fruit, vegetables and meats, is not to be construed to apply to persons wholly dealing in such articles, when produced, raised or manufactured by themselves." Section eight provides the time when the act shall go into effect.

In direct connection we cite the constitutional provision here called in question, which is found in section 22, of article 4, of our State Constitution, and reads thus :   " No act shall ever be revised or amended by mere reference to its title ; but the act revised or section amended, shall be set forth and published at full length." This section was adopted for good reasons.   It has been a custom with our legislatures to amend existing laws by mere reference to their titles, and under that cover, to change words and phrases anywhere in its sections ; to insert and strike out sentences ; to repeal parts of sections at one session, and at the next to re-repeal and amend until it had become a real task to discover what was the existing

statute on many subjects, and without the utmost watchfulness the legislators could not know the extent or effect of proposed amendments. There can be no question as to the wisdom in incorporating that provision into our Constitution; and being found there, it comes for the first time into this court, that being here construed, future legislatures may frame their acts in accordance therewith. The first question for determination is, whether section 7, of the act of October 15, 1862, operates as a revision or an amendment of any part of the charter of the city, passed January 24, 1854, and if so, of what part? Section 4, article 4, of the charter declares, in its twenty provisions, what powers the mayor and common council may have within the city limits. Their authority is found in no other place, and they may not, in our judgment, assume or exercise any jurisdiction, unless a fair construction on some of these clauses warrant it. Section 7, of the act of October 15, 1862, starts out with this declaration: "That in addition to the powers now possessed by the mayor and common council  *  *  shall have power  *  *  2d. To license, tax and regulate dealers in goods, wares and merchandise, &c." Manifestly, then, section seven enlarges the powers previously possessed by the city government, revises and amends them; and, if that section were valid, the city authorities could, after the 15th day of October, 1862, perform acts which would not have been lawful previous to that date. We conclude, then, that the act of 1862 is a statute which operates as an amendment to the charter; and we pass to the main question. The meaning of section 22, article 4, of the Constitution, is apparent; there is no real ambiguity which requires intended interpretation, and we need avail ourselves of but two modes of construing; one from the words of the section; the other from the construction given to that clause by States adopting it previously to its incorporation into our Constitution. There might possibly be derived from this section two meanings, differing in degree of change required, one of which was adopted by the Circuit Court, viz: That whenever an act or

part of an act shall be amended or revised, the old law shall be exhibited on the same page with the proposed amendment; and the other, which we now adopt, viz.: That when an act, part of an act, or section, is amended or revised, the act, part of an act, or section shall be set forth as amended or revised, in full, with the changes incorporated in their places. This clause was taken bodily from the Indiana State Constitution, and from a like provision in the Louisiana State Constitution. The States of Maryland, Michigan, California and Ohio, without enumerating others, have substantially the same provision in their several constitutions. The Constitution of Louisiana, of 1845, seems to have been the first containing such clause; and to determine our holding now, we may review briefly the course of procedure in those States, and recognizing as authority their constructions of that provision, determine what one shall prevail in Oregon. In 11 *Louisiana Reports*, 56, in the case of *Arnoult* v. *New Orleans*, the Supreme Court of that State construed the provision in question as we now construe it; and the subsequent statutes of that State teem with acts amendatory of others, and in every case falling within our observation, the section as amended, or the act as revised, is only found. The court in that case says: "It was intended that each amendment, and each revisal, should speak for itself; should stand independent and apart from the act revised, or the section amended. It was therefore provided that *in such cases*, if the object was to revise an act, it should be *re-enacted* throughout; and if the object was to *amend* an act, then the *section amended* should be re-enacted and published." (*Statutes of Louisiana*, 1856, *pages* 17, 27, 74-5-6, 80, 96, &c. *Statutes*, 1860, *pages* 64, 67, 70, 81, &c.)

With the same provision substantially we find the Statutes of Michigan, Maryland, California and Ohio exactly conforming to those of Louisiana: *Statutes of Michigan*, 1859, *pages* 28, 30, 33, 37, 91, 96, 148, &c.; *Statutes of California*, 1860, *pages* 133, 141, 157, &c.; *Statutes of Maryland*, 1861-'62,

*pages* 12, 16, &c.; *Statutes of Ohio*, 1858, *pages* 72, 73, 74, &c.; *Statutes of* 1860, *pages* 17, 20, 21, &c., and the cases in point occurring on those statute books are very numerous.

In Indiana a somewhat different construction prevails, by which the Circuit Court below seems to have been guided. In *Langdon* v. *Applegate*, 5 *Indiana R.*, 328, a majority of the court held " that the meaning of this section is, that the act revised or section amended shall be inserted at full length in the act amending or revising it." Same doctrine held in *Rogers* v. *State*, 6 *Indiana*, 31. Same doctrine re-affirmed in *Kennon* v. *Shull*, 9 *Indiana*, 154, and in *Armstrong* v. *Berryman*, 13 *Indiana*, 426. In 9 *Indiana*, 102, *Wilkins* v. *Miller*, Stuart, Justice, follows the ruling in *Langdon* v. *Applegate*, but dissents. In 9 *Indiana*, 118, *Littler* v. *Smiley*, Justice Gookin also dissents.

From a full review of these authorities, we come to the conclusion, as expressed in the Louisiana authorities, that if the object be to *revise* an act, then the act *as revised* should be set out in full; if the object be to *amend* an act, then the section *as amended* must be set out in full, incorporating all changes and amendments. While we do not go to the same length as did the Circuit Court below, in our construction, the final bearing upon the case in court is the same. The amendatory act, in either view, is not within the requirements of the Constitution. In the case at bar, the act of October 15, 1862, in its title, professes to "amend an act entitled an act to incorporate the city of Portland;" and section 7, under review, does amend and enlarge section 4 of article 4 of the former act, without setting out in any way the section or sections amended.

In view of the clear meaning of the Constitution we conclude that the act in question is unconstitutional, and the proceedings under the same are invalid.

Judgment is affirmed.