CIRCUIT COURT FOR THE COUNTY OF WASCO; VACATION AFTER JUNE TERM, 1871.

JAMES M. BIRD, PETITIONER, v. THE COUNTY OF WASCO, RESPONDENT.

FEES OF OFFICERS.—The act of the legislature approved October 21, 1864, in relation to the fees and compensation of officers, etc., in the counties lying east of the Cascade range of mountains, is an original, independent act, and not merely an amendment to a pre-existing law.

ENACTMENT AND REPEAL.—When the legislature seeks to repeal an act or to limit its territorial application, it is not necessary to set forth the entire act or section, as in cases of revision or amendment.

LEGISLATIVE POWER.—Except in special cases, where the constitution prohibits it, the legislature may control the unearned emoluments of office.

THE petitioner, the sheriff of Wasco County, deeming himself entitled to additional compensation for certain services, and his claim therefor being denied by the county court of Wasco County, obtained a writ of review to correct the judgment of the said court. The writ was issued and duly returned with the record in the case. In this court the respondent demurred specially, and all the questions of law involved were raised by said demurrer.

N. H. Gates, for petitioner.

W. B. Lasswell, District Attorney, and J. G. Wilson, for respondent.

McARTHUR, J. The first question presented in this case is, does section 1 of the act approved October 21, 1864,

operate to increase the fees and compensation prescribed by the act approved October 24, 1864, or was its operation limited to the act approved January 19, 1855, which was in force at the time of its passage and approval? On investigation it will be found that section 31, of chapter 18, page 741, of the general laws of Oregon, is the first section of the act approved October 21, 1864. It provides that the fees and compensation of certain officers, including sheriff, of the counties east of the Cascade range of mountains, be increased thirty-three and one third per centum in addition to the fees allowed by law. The act regulating the fees and compensation of officers then in force, was approved January 19, 1855. That act was directly repealed by the general repealing act of October 17, 1862, which took effect by special provision from and after May 1, 1865. On October 24, 1864, an act to prescribe the fees of certain officers and persons was approved, and by constitutional operation took effect on January 22, 1865. The act of January 19, 1855, and that of October 24, 1864, being repugnant, the former gave place to the latter, and hence the act of January 19, 1855 was doubly repealed. Keeping in view these facts, let us recur to the question. The solution thereof will depend entirely upon the character of the act of October 21, 1864. If it be construed to be an amendment to the act of January 19, 1855, then its provisions must be considered as confined to that act alone, and the conclusion, that its operation ceased with the repeal of the act to which it was an amendment, seems irresistible. Such construction, however, I do not think can reasonably be placed upon it. There is nothing in the title, the preamble, or the body of the act, which, in my opinion, warrants the conclusion that it was intended merely as an amendment to the act of January, 19, 1855. I am of opinion that it is an original, independent act, and this opinion, I think, is fully warranted by the fact that its provisions are made applicable to all counties organized, *or to be organized,* in that portion of the state lying east of the Cascade range of mountains; and the further fact, that the general repealing act, which provided for the repeal of the act of January 19,

1855, had been passed nearly two years previous. It is true that it had not taken effect, and was not to take effect until May 1, 1865, but it seems to me that in the passage of the act of October 21, 1864, the legislature, under the circumstances, could not have intended it as an amendment to an act the repeal of which had recently been provided for. If viewed as an amendment *merely*, it does not conform to section 22, article 4 of the state constitution, and it must therefore fall. The only construction that can be put upon it, to give it force and effect, is to consider it an original, independent act. It is a very well settled rule in the construction of statutes, that when an act of the legislature is ambiguous upon its face, and susceptible of different constructions, such construction as would declare it unconstitutional should be avoided, when it can be fairly done. (*French* v. *Teschemaker et al.* 24 Cal. 518.) It can be fairly done in this case.

It being determined that the act of October 21, 1864, is an independent act, and not a mere amendment, is it repealed by implication, by the act of October 24, 1864? It is a maxim of law that subsequent laws repeal prior conflicting ones, and keeping this in view, let us examine the two acts. The one provides that the fees and compensation of officers, in certain counties organized or to be organized in that portion of the state lying east of the Cascade range of mountains, shall be increased thirty-three and one third per centum. It is from its nature a special law, though not such an one as is prohibited by section 23 of Article IV of the state constitution. The other is a general law regulating the fees and compensation of officers, etc. They are in *pari materia*, and are to be taken as if they were one law. (Smith's Com. 751, sec. 736; *Rexford* v. *Knight*, 15 Barbour 627.) There is no repugnancy between them. Nothing in either which negatives the provisions of the other. They are both affirmative, and the substance such that both may stand together. Such being the case, the rule is that the latter does not repeal the former, but they shall both have a concurrent efficiency. (1 Blackstone's Com. 90.) The next question is : What effect has the act of the legislature

approved October 20, 1870 (session laws 1870, p. 12), upon section 31 of chapter 18 of the general laws, heretofore cited? This act provides, that the said section, "so far as the same applies to the counties of Wasco and Umatilla, be and the same is hereby repealed." It is contended by counsel for petitioner that this act is unconstitutional, for that it conflicts with section 22 of Article IV of the state constitution, which declares, "that no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length." If the act attempted to amend or revise the law as it stood before same was approved, the objection would be well founded, and under the rule laid down in the *City of Portland* v. *Stock*, (2 Or. 69), it would be fatally defective. The rule in that case, however, does not apply. It is not a revision or an amendment, but a repeal of so much of section 31 as applies to Umatilla and Wasco counties. When the legislature seeks to repeal an existing act or to limit its territorial application, it is not necessary to set forth the entire act with the repealing clause, or with the limitations and restrictions affixed thereto. The repeal of a statute can be legally effected by an act properly referring to the one sought to be repealed, and restrictions and limitations can be placed upon an existing law by an act of the legislature properly designating the one sought to be restricted and limited, and at the same time clearly setting forth the restrictions and limitations. Hence the act referred to does not contravene the constitutional provision, and is therefore valid. It repeals section 31 of chapter 18 of the general laws, so far as it applies to Umatilla and Wasco counties, and limits and restricts the application thereof to the other counties lying east of the Cascade range of mountains. The question, whether the legislature could, under any circumstances, legally pass an act decreasing or diminishing the fees and compensation of an officer during his term of office, was mooted in this case. It was urged that when the petitioner took the office of sheriff, he entered into a contract with the county of Wasco to serve in that capacity for the term of his office for the fees and compensation as

then provided by law, and it was contended that an act passed diminishing the same contravenes public policy and impairs the obligation of the contract. An extended discussion of this question is unnecessary. That the legislature had the power to pass the act of October 20, 1870, I have no doubt, for the authorities abundantly establish the principle, that except in the special cases where the constitution prohibits, the legislature may control the unearned emoluments of office. (*Connor* v. *The Mayor, etc., of New York.* 1 Selden 285 and authorities therein cited.)

It follows, therefore, that the demurrer should be sustained, with costs against the petitioner.