W. P. DOLAN, RESPONDENT, *v.* O. M. BARNARD, ASSESSOR OF MULTNOMAH COUNTY, APPELLANT.

AMENDMENT OF STATUTE MUST BE SET OUT AT LENGTH.—An act revised or section amended, must be set out and published in full, as revised or amended, incorporating all changes made.

DECISION APPROVED.—Decision of this Court, in the case of *The City of Portland* v. *Stock* (2 Or. 69), cited and approved.

APPEAL from Multnomah County.

Respondent's property was assessed by the assessor of Multnomah County, at eight thousand two hundred dollars. From this assessment, the appellant, who is the assessor, made a deduction of respondent's indebtedness, to the amount of one thousand dollars, in accordance with the provisions of § 2 of an act of the Legislative Assembly, approved October 29, 1874, which makes it the duty of

assessors to deduct indebtedness within the State to the amount of one thousand dollars, and no more. Respondent claimed an exemption of indebtedness to the amount of eight thousand three hundred dollars, due proof of which indebtedness was made before the assessor, and he instituted this proceeding for a writ of mandamus to compel the appellant to deduct the full amount of such indebtedness. The cause was heard upon the petition of respondent and demurrer by appellant thereto. All question as to the appropriateness of mandamus to raise the question at issue, was waived by stipulation of the parties.

The demurrer was overruled, and a mandamus issued in accordance with the prayer of the petition; whereupon this appeal was taken.

*H. Y. Thompson, District Attorney,* for Appellant.

*Dolph, Bronaugh, Dolph & Simon,* for Respondent.

By the Court, BONHAM, C. J.:

It appears probable, from the proceedings in this cause, that the appeal to this Court was taken more for the purpose of securing a final adjudication of the questions involved, than with the hope of securing the reversal of the judgment of the court below. We arrive at this conclusion from the nature of the questions involved, and the tenor of the argument of counsel for appellant, and mention the fact in justice to him, as it will be conceded that questions of so much financial importance to the State ought to be finally settled by the judgment of this Court.

Two questions are presented, by this appeal, for the consideration of this Court: First. Is the amendatory act of October 29, 1874, relating to the duties of assessors, in violation of § 22 of Art. 4 of the Constitution of this State? Second. Does the act in question contravene the provisions of § 32 of Art. 1 of the Constitution of this State, wherein it is provided that "all taxation shall be equal and uniform?"

For the purposes of this case, we only deem it necessary to pass upon the first of these propositions.

Section 22 of Art. 4 of our Constitution declares that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length."

The title of the act of October 29, 1874 (Sess. Laws, 1874, p. 117), reads as follows: " An Act to amend an act, entitled 'An Act to amend an act, entitled an act to amend an act, entitled an act relating to assessors, passed January 26, 1854, and an act amendatory thereof, passed January 26, 1855,' approved October 24, 1864; and an act amendatory thereof, approved December 19, 1865."

Amendment, in legislation, signifies, according to Bouvier, " an alteration or change of something proposed in a bill, or established as law." To amend an act is to alter or change some of its provisions, allowing others to stand as valid and existing law; and the evil in legislation, which § 22 of Art. 4 of our Constitution is directed against, is the practice of introducing into, and intermingling with, the provisions of an act, changes or alterations in some of its provisions, in such a manner as to render it difficult to ascertain, by an inspection of the act amended, to what extent and in what respects the same has been modified by the amendatory act. Hence the legislator is required, by our Constitution, to set out and incorporate in the amendatory act, not only the changes made in the act amended, but the portions thereof not affected by the amendment, in such manner that the syntax and meaning of the law, as amended, will be complete within itself. This is required in order that those who are interested in knowing what the law is may find it out, without prospecting through a labyrinth of words, phrases, and sentences, as found in a long list of acts amendatory of the other, to ascertain what the law is, in force at the time.

The title of the act of October 29, 1874, the validity of which is questioned by this proceeding, very fairly illustrates the complications which must necessarily result from the system of legislation therein adopted. Under the system of legislation here adopted, it would be necessary, in order to ascertain what the law is, regulating the duties of assessors in this State, to hunt up and carefully examine the

long list of acts on that subject, which are named in the title
of the act of October 29, 1874, running through a period of
twenty years, and, if possible, to collate from each the valid
and existing law on that subject.

The act in question is not only amendatory in terms, as
expressed in its title, but it is so in its nature and effect, as
will readily be perceived by an inspection of the provisions
of § 16, of Chapter 57, of the Miscellaneous Laws.

Section 1 of the act of October 29, 1874, undertakes to
amend the section last above referred to, by fixing a differ-
ent time when the assessor shall enter upon the discharge
of his official duties, and by declaring that *all* property
shall be assessed at its true cash value.    Section 2 of the
same act undertakes to modify the concluding portion of
§ 16 of Chapter 57 (Mis. Laws), by declaring that the assessor
shall deduct, from the value of the taxable property of the
person assessed, indebtedness within the State to the amount
of one thousand dollars, and no more, instead of all of such
indebtedness.

Instead of the almost incomprehensible title, as found in
the act of October 29, 1874, involving an examination of
each of the acts referred to, the title should have been: "An
Act to amend § 16, of Title 3, of Chapter 57, of the Mis-
cellaneous Laws of Oregon, relating to the duties of Assess-
ors."    Then, by setting forth and publishing at full length
the entire section, as it would read when amended, the pro-
ceeding would be intelligible and complete, and in compli-
ance with the requirements of § 22, of Article 4, of the
Constitution.    We are all clearly of the opinion that the act
of October 29, 1874, is in violation of the provisions of our
Constitution, last above referred to, and that this case falls
within the rule recognized by this Court in the case of *The
City of Portland* v. *Stock* (2 Or. 69), and that it does not
come within any of the exceptions to the rule as recognized
in the cases of *Bird* v. *Wasco County* (3 Or. 282); *Fleischner*
v. *Chadwick* (ante, 000); and *Grant County* v. *Sels* (ante, 000).

The judgment of the court below is affirmed.