[No. 7876.    Department Two.    July 6, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. AUBREY T. DODSON, *Appellant*.[1]

PHYSICIANS AND SURGEONS — OFFENSES — PRACTICING WITHOUT A LICENSE. A law making it a criminal offense to practice medicine without a license is valid.

SAME—PROSECUTION—PROOF OF LICENSES—PRIMA FACIE CASE. Upon a prosecution for practicing medicine without a license, the statutory *prima facie* case is made against the defendant by proof that no license is on file with the county clerk, without proving that the defendant was not a practicing physician before the law went into effect.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 25, 1908, upon a trial and conviction of the offense of practicing medicine without a license.    Affirmed.

*A. G. Gray*, for appellant.

*Richard M. Barnhart, Donald F. Kizer,* and *William C. Donovan,* for respondent.

DUNBAR, J.—This is an appeal from a judgment on the verdict of the jury finding the appellant guilty of practicing medicine without a license.    The appellant assigns three er-

[1]Reported in 102 Pac. 872.

rors: (1) Error of law growing out of the trial and excepted to by defendant; (2) that the verdict of the jury is contrary to law and the evidence; (3) error of the court in instructing the jury that an evidence of guilt should arise against the defendant for the reason that defendant failed to testify as a witness on his own behalf.

It is a little difficult to determine what error is referred to in the first assignment, for counsel for appellant, after stating that the errors will be taken up in their order and that the first error will be discussed, proceeds to the discussion of the contention that the verdict of the jury is contrary to law and the evidence. If, however, it is the intention of counsel to discuss the action of the court in overruling the demurrer to the complaint, which is not assigned as error, it is sufficient to say that the law under which this information was drawn and judgment rendered was sustained by this court in *State v. Carey*, 4 Wash. 424, 30 Pac. 729, and in other cases since that time. As to the assignment that the verdict of the jury is contrary to the law and the evidence, we think unquestionably there was sufficient legal testimony to be submitted to the judgment of the jury.

Appellant contends that, under the provisions of the statute, the state did not make out a *prima facie* case against him, because it did not show that he had not been a practicing physician prior to the enactment of the statute under which he was convicted. The state did show by the clerk that the appellant had not filed a license in his office, and that none had been filed. The statute makes the records of the clerk's office *prima facie* evidence of the existence or nonexistence of a license, and the force of this statute was definitely determined by this court in *State v. Lawson*, 40 Wash. 455, 82 Pac. 750, where the court, speaking on that subject, says:

"The appellant concedes this, but says the statute declares an arbitrary and illogical rule of evidence and is therefore unconstitutional. Where a license issued in any county of a state authorizes the prosecution of a business or the practice

of a profession in any part of the state, the difficulty of proving that a given person has no license is very great. This fact has induced many of the states to enact laws imposing on the defendant the burden of proving a license in all prosecutions such as this, and these statutes have been declared constitutional. . . . If the state can require the defendant to justify under his license in the absence of any proof whatever, it goes without saying that it can likewise declare what character of proof shall constitute *prima facie* evidence."

Section 6289 of Pierce's Code (Bal. Code, § 3019), provides:

"Any person shall be deemed as practicing within the meaning of this act who shall have and maintain an office or place of business with his or her name and the words physician or surgeon, "Doctor," "M. D.," or "M. B." in public view, or shall assume or advertise the title of doctor or any title which shall show or shall tend to show that the person assuming or advertising the same is a lawful practitioner of any of the branches of medicine or surgery in such a manner as to convey the impression that he or she is a practitioner of medicine or surgery under the laws of this state; . . ."

Evidence to prove that the appellant had done the things prescribed by the statute was offered, and it was for the jury to determine the weight of such evidence.

We do not understand the third assignment of error, viz., that the court instructed the jury that an evidence of guilt should arise against the defendant for the reason that he failed to testify as a witness on his own behalf, for an examination of the record shows, not only that no such instruction was given by the court, but that exactly the reverse instruction was given, the instruction given in that respect being as follows:

"The fact that the defendant failed to take the stand in his own defense is not to be considered by you, gentlemen, in this case. Our statute provides that the court must instruct the jury that the failure of the defendant to take the stand

in his own defense creates no inference of guilt. It is his privilege for him to take the stand if he so desires, but he need not if he does not choose to, and if he did not do so at the time and place take the stand the jury must not draw any inference of guilt on that account. In other words, you are not to take that fact into consideration in arriving at your verdict in this case."

The other contentions in relation to the sufficiency of the testimony are without merit. The judgment will be affirmed.

RUDKIN, C. J., MOUNT, PARKER, and CROW, JJ., concur.